IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| EFRAIM ARMENDARIZ, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | **PLAINTIFF'S ORIGINAL** |
| vs. | § | **COMPLAINT & JURY DEMAND** |
| | § | |
| MOORING RECOVERY SERVICES, INC., a Texas Corporation | § | Civil Action No. 4:17-cv-00336 |
| Defendant. | § | |

COMES NOW, Plaintiff Efraim Armendariz, individually ("Plaintiff"), and brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at the rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Defendant failed to pay Plaintiff at time and one half his regular rate of pay for

1

hours worked in excess of forty (40).

## II. PARTIES

3.     Plaintiff Efraim Armendariz is an individual who resides in Fort Worth, Tarrant County, Texas. Mr. Armendariz was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint.

4.     Defendant is a commercial and residential disaster recovery and reconstruction company. It is headquartered in Grand Prairie, Texas. Defendant may be served with process through its registered agent, Ben Mooring, at 2110 113th Street, Grand Prairie, Tarrant County, Texas 75050.

## III. JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under the FLSA, which expressly confers jurisdiction on federal courts.

6.     Defendant carries on substantial business in Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

7.     Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

8.     At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in providing services and said enterprise, upon good faith and belief, has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated) and during the period of Plaintiff's employment, employed two or more employees.

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendant is a commercial and residential disaster recovery and reconstruction company.

14. Plaintiff was employed by Defendant beginning in or around October 2013, as a disaster recovery and reconstruction crew member. Plaintiff remained employed by Defendant until on or about February 2016.

15. Defendant suffered or permitted the Plaintiff to work.

16. Plaintiff's work was integral to the Defendant's business.

17. Plaintiff's opportunity for profit and loss was determined solely by the employer, not by his own managerial skill.

3

18. Plaintiff was economically dependent on the employer during the period beginning on or around October 2013, through on or about February 2016, hereinafter ("Employment Period").

19. Plaintiff worked permanently and exclusively for Defendant during the Employment Period.

20. Defendant retained control over the Plaintiff regarding which jobs to report to, the timeline for completion of jobs, and the manner in which tasks were to be completed.

21. Defendant paid Plaintiff's lodging and travel expenses when jobs required Plaintiff to travel a long distance.

22. Defendant provided all materials at job sites to be installed by Plaintiff and other crew members.

23. Plaintiff's job duties consisted of opening and closing job sites each day, preparing tools for use on the site, operation of equipment to move/remove dirt, rock, and materials, and job site cleanup. Additionally, Plaintiff pulled up carpet, scraped tile, demoed walls, and repaired and rebuilt damaged properties. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performed are routine tasks and did not require the exercise of independent judgment or discretion. Plaintiff's primary duties involved work that did not involve the consistent exercise of discretion and judgment. Any major decisions concerning Plaintiff's duties and responsibilities were addressed by others.

24. Plaintiff's primary job duty of crew member did <u>not</u> require or involve the application of systems analysis techniques and procedures to determine hardware, software or

system functional specifications; the design development, documentation, analysis, creation, testing, or modification of computer systems or programs; or the design documentation testing, creation, or modification of computer programs related to machine operating systems.

25. Plaintiff did not have supervisory control over any employees. Further, Plaintiff did not have the authority to hire or fire any individuals; nor did he have the authority to discipline any individuals.

26. Plaintiff was paid an hourly rate for his work and was not paid time and one-half his regular rate of pay for hours worked in excess of forty (40) hours in a workweek while employed by Defendant.

27. Plaintiff routinely worked overtime and kept accurate time records of his time worked. Plaintiff was not paid at the rates required by law for hours worked in excess of forty (40) in a workweek.

28. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

29. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

30. Plaintiff was improperly classified as an exempt employee. Plaintiff's salary was less than the salary required for any exemption. Further, Plaintiff did not perform duties that fall under any exemption.

## VII. RELIEF SOUGHT

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from Defendant the following:

   a. Overtime compensation for all unpaid hours worked in excess of forty (40) hours in any workweek at the rate of one-and-one-half times his regular rate;

   b. All unpaid wages and overtime compensation;

   c. Compensatory damages;

   d. Back pay;

   e. Front pay;

   f. Interest;

   g. An equal amount as liquidated damages as allowed under the FLSA;

   h. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   i. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   j. Such other relief as to which Plaintiff may be entitled.

## VIII. DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: <u>April 20, 2017</u>　　　　　　　　Respectfully Submitted,

**JACKSON ALLEN & WILLIAMS, LLP**

<u>/s/ John H. Allen, III</u>
John H. Allen, III, Esq. - Trial/Lead Counsel
tallen@jacksonallenfirm.com
Jennifer Williams, Esq.
jwilliams@jacksonallenfirm.com
Amber Martin, Esq.
amartin@jacksonallenfirm.com
3838 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
(214) 521-2300
(214) 452-5637 (Facsimile)

*ATTORNEYS FOR PLAINTIFF*